THE FILTRO IMPORT CO. *v.* THE JANSZEN CO.

(Decided January 20, 1930.)

*Mr. Edward H. Brink* and *Mr. John J. Cooney,* for plaintiff in error.
*Messrs. Dorger & Dorger,* for defendant in error.

· CUSHING, P. J.   This action was instituted in the court of common pleas of Hamilton county by The Filtro Import Company, a New York corporation, against the Janszen Company, a corporation under the laws of Ohio.   The Filtro Import Company claimed in its petition that there was due it from the Janszen Company the sum of $1,500 on an account.

The amended answer of the Janszen Company admitted that it was a corporation, and that it and the Filtro Import Company had entered into an agreement, as alleged in plaintiff's petition, and then entered a denial of all the allegations of the petition not specifically admitted to be true.

The record discloses that on February 8, 1927, the parties entered into an agreement whereby the Filtro Import Company was to ship to the Janszen Company 1,500 boxes of filter sheets, at a price of $1 per box, and 1,500 Dripco coffee makers, for which there was to be no charge.   This first shipment was received and paid for by the Janszen Company.

The agreement contained the provision: "We (The Filtro Import Company) are to protect you (The Janszen Company) in Cincinnati," etc.

The agreement provided that 1,500 filter sheets and 1,500 Dripco coffee makers were to be shipped by the Filtro Company to the Janszen Company in 30 days after the first shipment. These were shipped, but the Janszen Company refused to accept the shipment, on the ground that Filtro Company had violated the terms of the agreement, in that other dealers were selling the Filtro Company's product in Cincinnati. The Janszen Company notified the shipper that the shipment would be held subject to its order, but the Filtro Company refused to receive the shipment and brought suit for $1,500 on account.

The sole question in the case turned on the understanding of the parties as to the meaning of the provision: "We will protect you in Cincinnati." The court admitted evidence of both parties as to the meaning of this phrase. This was purely a question for the determination of the jury, under proper instructions of the court. The jury found for the defendant. This court cannot disturb the verdict of the jury, and the judgment will be affirmed.

*Judgment affirmed.*

Ross and HAMILTON, JJ., concur.